**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JAVED ARSHAD,

       Plaintiff,

v.                                         Case No:   6:23-cv-28-PGB-LHP

SHIKITA PARKER, JEFFREY
ASHTON and FAY SERVICING, LLC,

       Defendants

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** RESTRAINING ORDER INJUNCTION TO BLOCK STATE COURT FROM MOVING FORWARD WITH THE FORECLOSURE AND EVICTION WHILE MY MOTION TO CHALLENGE JURISDICTION IS PENDING, AND REQUEST FOR EMERGENCY HEARING ON THE MATTER IN THIS COURT (Doc. No. 2)
>
> **FILED:** January 6, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Movant Javed Arshad ("Arshad"), appearing *pro se*, instituted this matter by complaint filed on January 6, 2023.  Doc. No. 1.  The same day, Arshad filed the above-styled motion, seeking a "restraining order injunction."  Doc. No. 2.  The motion has been referred to the undersigned, *see* Doc. No. 6, and has been construed as a request for a temporary restraining order or preliminary injunction.

Upon review, the motion is due to be denied without prejudice.  First, pursuant to Local Rule 6.01, a motion for temporary restraining order must include: (1) "Temporary Restraining Order" in the title; (2) a precise and verified description of the conduct and the persons subject to restraint; (3) a precise and verified explanation of the amount and form of the required security; (4) a supporting legal memorandum; and (5) a proposed order.  *See* Local Rule 6.01(a).  *See also* Local Rule 6.02.  Additionally, the required legal memorandum must establish (a) the likelihood that the movant ultimately will prevail on the merits of the claim; (b) the irreparable nature of the threatened injury and the reason that notice is impractical; (c) the harm that might result absent a restraining order; and (d) the nature and extent of any public interest affected.  *See* Local Rule 6.01(b).  *See also* Local Rule 6.02.  Arshad's motion does not meet each of these requirements.  Doc. No. 2.

Second, to obtain a temporary restraining order or preliminary injunction, a movant must show: (1) a substantial likelihood of success on the merits; (2) an irreparable injury in the absence of the requested injunction; (3) a threatened injury

that exceeds any injury to the non-moving party caused by the injunction; and (4) that public policy favors such an order. *Dimare Ruskin, Inc. v. Del Campo Fresh, Inc.*, No. 8:10-cv-1332-SDM-AEP, 2010 WL 2465158, at *1 (M.D. Fla. June 15, 2010) (citing *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003)); *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *see also* Local Rules 6.01, 6.02 (requiring a party requesting a temporary restraining order or preliminary injunction to submit a brief or memorandum addressing these factors). Arshad's motion does not adequately address these factors.

For these reasons, the motion (Doc. No. 2) is **DENIED WITHOUT PREJUDICE.** *See, e.g.*, *Benson v. Hernando Cty. Sch. Dist. Bd.*, No. 8:21-cv-2060-CEH-AAS, 2021 WL 4050952, at *1–2 (M.D. Fla. Aug. 27, 2021) (denying plaintiff's motion, which was construed as a motion for temporary restraining order or preliminary injunction, for failing to abide by Local Rule 6.01 and Federal Rule of Civil Procedure 65, and for being substantively deficient); *Slayton v. Sec'y, Dept. of Corrs,* No. 8:21-cv-873-KKM-AAS, 2021 WL 2156223, at *3–4 (M.D. Fla. May 27, 2021) (denying without prejudice plaintiff's "motion for protection," which was construed as a "temporary restraining order," for failure to establish the elements of a claim for temporary restraining order, and for failure to comply with Local Rule 6.01 and Federal Rule of Civil Procedure 65); *David Boggs, LLC v. Soltis*, No. 6:18-cv-687-Orl-37GJK, 2018 WL 3860176, at *1–2 (M.D. Fla. May 4, 2018) (denying without

prejudice motion for temporary restraining order and preliminary injunction for failure to comply with substantially similar prior version of Middle District of Florida Local Rules and Federal Rule of Civil Procedure 65(b)).  *See also Moon v. Newsome*, 863 F.2d 835, 836 (11th Cir. 1989) (a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."), *cert. denied*, 493 U.S. 863 (1989).  Any renewed motion must comply with the standards and rules discussed in this Order.

**DONE** and **ORDERED** in Orlando, Florida on January 18, 2023.

*[signature]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 4 -